UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

FILED
SEP 2 0 2018
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| DANIEL CRUZ and ARMANDO SANCHEZ, Individually and on Behalf of All Others Similarly Situated,<br>    Plaintiffs,<br><br>v.<br><br>MAVERICK COUNTY and MAVERICK COUNTY SHERIFF'S DEPARTMENT,<br>    Defendants. | § § § § § § § § § § § § | Civil Action No. DR-14-CV-050-AM |

## ORDER

Pending before the Court are the Plaintiffs' Unopposed Motion to Amend Judgment to Include Post-Judgment Interest (ECF No. 108) and Motion for Entry of Attorneys' Fees and Costs Pursuant to the Fair Labor Standards Act (ECF No. 109). The Defendants submitted a Response to the Motion for Attorneys' Fees (ECF No. 112) to which the Plaintiffs submitted a Reply (ECF No. 113). After reviewing the briefings submitted by the parties, the Court finds for the following reasons that both of the Plaintiffs' motions shall be **GRANTED**.

### I.  Unopposed Motion to Amend Judgment to Include Post-Judgment Interest

Plaintiffs, who prevailed in their Fair Labor Standards Act (FLSA) claims, seek post-judgment interest on the amount awarded in this case. (ECF No. 108). The Plaintiffs, in their original complaint, specifically pleaded for post-judgment interest (ECF No. 1 at 7–8), but inadvertently failed to include briefing regarding their entitlement to post-judgment interest in its Post-Trial Briefing (ECF No. 93). When the Court issued its Final Order and Judgment it did not address the award of post-judgment interest. (ECF No. 100).

A party must file a motion to alter or amend a judgment "no later than 28 days after the entry of judgment." FED. R. CIV. P. 59(e). Here, before the expiration of the 28 days, the Plaintiffs sought an extension of time to file their motion to amend judgment (ECF No. 102), which was granted (ECF No. 103). The Plaintiffs then timely filed their Unopposed Motion to Amend Judgment to Include Post-Judgment Interest. (ECF No. 108.)

"Federal law governs postjudgment interest in federal cases, including diversity cases." *Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 456 (5th Cir. 2013). An award of post-judgment interest is not discretionary but "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield[.]" *Id.* (quoting 28 U.S.C. § 1961(a) (2012)) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."). Additionally, "[i]nterest shall be computed daily to the date of payment . . . and shall be compounded annually." § 1961(b).

"Post-judgment interest is awarded as a matter of course." *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010). Failure by a party to brief the matter is to be treated as an "oversight, not waiver." *Id.* (quoting *Reeves v. Int'l Tel. & Tel. Corp.*, 705 F.2d 750, 752 (5th Cir. 1983)). "[T]he purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835–36 (1990) (citation omitted). Since post-judgment interest shall be allowed on any money judgment in a civil case, when a court grants a motion to amend and retroactively awards post-judgment interest it begins to accrue from the date the original judgment was entered. *See Krieser v. Hobbs*, 166 F.3d 736, 747 (5th Cir. 1999) (allowing post-

judgment interest to be awarded from date of original judgment when the damages were ascertained in the original judgment and not changed in the amended judgment).

In its original Final Order of Judgment, issued on March 30, 2018, the Court awarded the Plaintiffs $284,834.84 in unpaid wages and an equal amount in liquidated damages, bringing the Plaintiffs' total award to $569,669.58. (ECF No. 100.) As the Plaintiffs were awarded a money judgment in a civil case recovered in district court, they were entitled to post-judgment interest on this amount from the date the Final Order of Judgment was entered. The rate equal to the weekly average 1-year constant maturity Treasury yield for the calendar week preceding the original Final Order of Judgement was 2.06%.[1]

## II. Motion for Entry of Attorneys' Fees and Costs Pursuant to the Fair Labor Standards Act

The Plaintiffs also seek an award of Attorneys' Fees and Costs as the prevailing party in their Fair Labor Standards Act claims. (ECF No. 109.) The Plaintiffs seek a base amount of $191,070.00 in attorneys' fees for the work done by Glen Levy in this case. (ECF No. 109 at 1.) They also seek a base amount of $75,692.50 in attorneys' fees for the work done by Melinda Arbuckle in this case. (*Id.* at 1–2.) The Plaintiffs also argue that based on the Defendants' conduct and the excellent results obtained; the Court should upwardly adjust the base amount for each attorney by 1.5%. (*Id.* at 8.) With that upward adjustment, the attorneys' fees for Mr. Levy would be $286,605.00 and the attorneys' fees for Ms. Arbuckle would be $113,538.75. (*Id.*) Finally, the Plaintiffs seek $3,282.50 in costs that were incurred throughout this case. (*Id.* at 2.)

The Defendants do not oppose an award of attorneys' fees, but do oppose the amount of attorneys' fees sought. (ECF No. 112.) Though the Defendants note the Plaintiffs are seeking an

---

[1] *Market yield on U.S. Treasury securities at 1-year constant maturity*, FEDERALRESERVE.GOV, https://www.federalreserve.gov/datadownload/Preview.aspx?pi=400&rel=H15&preview=H15/H15/RIFLGFCY01_N.WF (last visited Aug. 30, 2018).

3

award of the appropriate statutory costs and acknowledge they are so entitled, they do no address or oppose the amount of costs the Plaintiffs are seeking. (*See id.*) In their Response to the Plaintiffs' Motion for Attorneys' Fees, the Defendants argued that the Plaintiffs should be awarded $30,000 for the work performed by Mr. Levy and $9,900 for the work performed by Ms. Arbuckle in this case. (*See* ECF No. 112 at 8–10.) The Defendants did not address the Plaintiffs' claim for fees incurred throughout the case in their response.

The FLSA states that when plaintiffs prevail in their claims under the Act, "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (2012). "[T]he district court has discretion to determine what is reasonable . . . ." *Steele v. Leasing Enterprises, Ltd.*, 826 F.3d 237, 249 (5th Cir. 2016). Plaintiffs seeking attorneys' fees have the burden of demonstrating the reasonableness of the fees that they seek. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013).

"In this circuit, courts apply a two-step method for determining a reasonable attorney's fee award." *Combs v. City of Huntington, Texas*, 829 F.3d 388, 391 (5th Cir. 2016) (citation omitted). First the court must calculate the lodestar amount, "which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." (*Id.*) The lodestar amount is presumed reasonable. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010). However, a court may enhance or decrease the lodestar amount based on the factors set forth in *Johnson*. *See Jimenez v. Wood Cnty.*, 621 F.3d 372, 379 (5th Cir. 2010), *on reh'g en banc*, 660 F.3d 841 (5th Cir. 2011).

The twelve factors a court should consider when determining whether attorneys' fees are reasonable include: (1) the time and labor required; (2) the novelty and difficulty of the

4

questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717–19. The court should pay special attention to factors 1, 5, 8, and 9. *See Alameda Firms SA de CV v. Authors Rights Restoration Corp.*, 331 F.3d 472, 485 (5th Cir. 2003). A district court need not analyze all twelve *Johnson* factors so long as it does use the factors for the basis of its analysis, does not proceed in a summary fashion, and arrives at an amount "that can be said to be just compensation." *Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir. 1987).

The Plaintiffs seek a base award of $266,762.50 for attorneys' fees incurred throughout this case. (ECF No. 109 at 1–2.) This award includes $191,070.00 in attorney fees billed by attorney Glenn D. Levy and $75,692.50 in attorney fees billed by attorney Melinda Arbuckle. (*Id.*) Additionally, the Plaintiffs' argue that based on the excellent result obtained in this case those attorneys' fees should be upwardly adjusted by 1.5% bringing the total award to $400,143.75. (*Id.* at 8.) With the upward adjustment, Mr. Levy's fees would be adjusted to $286,605.00 and Ms. Arbuckle's fees would be adjusted to $113,538.75. (*Id.*)

The base fees for Mr. Levy are the result of him spending 424.9 hours on the case at a billing rate of $450 per hour. (*Id.* at 3.) Ms. Arbuckle's base fee is the result of her spending 232.9 hours on the case at a billing rate of $325 per hour. (*Id.*) Both attorneys for the Plaintiffs submitted declarations detailing their professional experience to explain why they were seeking the hourly rates listed. (ECF No. 110 Exhibit A, B.) Declarations from other attorneys who also

5

practice in the Western District of Texas were submitted in support of Mr. Levy and Ms. Arbuckle supporting their billing rates as reasonable. (*See id.* Exhibit A-2, B-3.) Finally, both attorneys submitted their billing records showing both what they worked on throughout the case and the amount of time spent on each task. (*Id.* Exhibit A-1, B-4.)

The Plaintiffs' have provided support for lodestar amounts they are seeking through the above-mentioned submissions. The Defendants oppose both the amount of time each attorney spent on the case as well as both of their hourly billing rates. (*See* ECF No. 112 at 8–10.) The Defendants argue that the Court should award Mr. Levy for no more than 150 hours and Ms. Arbuckle for no more than 66 hours. (*Id.* at 8.) They base their argument on how long litigating this case took and the fact that Ms. Arbuckle appeared in the case "the week of the trial." (*Id.*) The Defendants did not address or refute the billing records the Plaintiffs' attorneys submitted. The Defendants go on to argue that Mr. Levy's billing rate should be limited to $200 per hour and Ms. Arbuckle's limited to $150 per hour. (*Id.* at 10.) In support of this argument the Defendants' counsel provides his opinion on what a customary fee is, his affidavit in support of that, and cites to a 42 U.S.C. § 1983 case in which attorneys' fees were awarded in 2015.[2] (*Id.* at 8, Exhibit 1.) Using these calculations, the Defendants contend the Plaintiffs should only be awarded $30,000 for Mr. Levy's fees and $9,900 for Ms. Arbuckle's fees and those figures should be the lodestar amounts.

The Court finds that after reviewing the *Johnson* factors, the lodestar for both Mr. Levy and Ms. Arbuckle should be adjusted. This case spanned over three and a half years between when the initial complaint was filed and when the briefings on the issue of attorneys' fees were submitted. The Court notes however, that little work or progress was made on the case from the beginning of 2015 up until about a month before trial. (ECF No. 110-1 at 12–15.) The Court is

---

[2] That case was styled *Jose Cabello v. Maverick County*, docket number DR-11-CV-078-AM.

also aware that though Ms. Arbuckle only appeared in the case a week before trial, she did a significant amount of the work in the case, which occurred after trial, working on post-trial briefs. (ECF No. 110-2 at 149–50.) However, it is clear to the Court that little work or effort was put into the early stages of this case, including discovery from both sides, and witness preparation for the trial. The time and labor required in this case did not become significant until it became apparent to the parties this was in fact going to trial, just over three years into the case. Though the Defendants did make the case difficult by not providing any of the Plaintiffs' payroll documents, the questions at issue were neither novel nor difficult because the Defendants ultimately conceded liability and the Plaintiffs needed to only establish the extent of that liability.

The Plaintiffs submitted their own affidavits, the affidavits of other practicing attorneys, as well as a list of attorneys' fees awarded throughout Texas. When averaging the rates provided for the Western District of Texas, it comes out to an average award of $345. The Defendant argued that the Court should follow a 2015 case, from this very Court, where an attorney sought an award of $300 per hour and was ultimately awarded $200 per hour. Based on the evidence submitted by both parties regarding the customary fee in the Western District of Texas, the Court finds that a reasonable amount is in the middle of the two at $300 per hour. (ECF No. 110-2 at 143–47.) This amount is close to the average of the awards in similar cases, which the Court finds more indicative than the award it granted in the *Cabello* case cited by the Defendants.[3]

The Defendants submitted no payroll records for any of the Plaintiffs except for the week that the Department of Labor's award was added to their checks. The Plaintiffs had to gather all of that evidence themselves and establish how many hours of back overtime they were due. The

---

[3] The Court is reluctant to automatically apply the amount of fees awarded in a separate case. The facts and briefing before the Court in both cases were different and the work completed by the attorneys is not comparable.

7

Defendant tries to argue that because the Plaintiffs did not recover all of the damages they were initially seeking that the results obtained warrant a severe downward departure on the amount of the attorneys' fees being sought. The Court does not agree as the Plaintiffs not only submitted enough evidence to establish that they were owed a significant amount of unpaid overtime, but they were also able to establish that the Defendants committed this violation willfully therefore, entitling them to liquidated damages. Whether or not much was done in this case before trial, the Plaintiffs' attorneys had the experience and ability to establish the evidence necessary for their clients to recover over half a million dollars in damages.

Furthermore, though this case may have been a difficult one due to the fact that the Defendants did not provide any payroll records, it was not an undesirable one. Going in to trial, the Defendants conceded liability and the Plaintiffs were aware that the Defendants had previously been investigated by the Department of Labor for not paying overtime wages. Finally, the nature and length of the professional relationship between the attorneys and their clients was not a long one. Plaintiffs' counsel even elicited testimony during the trial that this was the first time he was talking to some of the Plaintiffs, his clients. Though the case spanned over four years, there was not a lot of interaction between Plaintiffs and counsel for at least half of that time.

Based on all of these factors, the Court finds that the lodestar amount for both Mr. Levy and Ms. Arbuckle should be adjusted downward. The Court finds that a reasonable hourly fee for both attorneys is $300 per hour. The Court also disagrees with the Defendants' assessment of the time spent on the case and finds it reasonable that Mr. Levy spent 424 hours on the case and Ms. Arbuckle spent 232 hours. This would bring Mr. Levy's attorney's fees to $127,200.00 and

8

Ms. Arbuckle's attorney's fees to $69,600. That brings the total award of attorneys' fees to $196.800.

The Plaintiffs also seek the appropriate statutory costs. These include: (1) the filing fee of $400; (2) payment for service of process of $300; (3) the mediation fee of $1,000; and (4) the cost of the transcript of trial proceedings of $1,582.50. The Court finds that the Plaintiffs are entitled to the filing fee, payment for service of process, and the cost of the transcript of trial proceedings. As the Plaintiffs note, a court has the discretion to award the cost of mediation, but declines to find under the circumstances of this case that it would be warranted. Therefore, the Plaintiffs will be awarded $2,282.50 in appropriate statutory costs. As discussed above, the Plaintiffs are entitled to post-judgment interest, under 28 U.S.C. § 1961(a), on this amount as well as on the award of attorneys' fees. The rate for this shall be set at 2.55%.[4]

### III. Conclusion

For the reasons stated above, the Court finds that the Plaintiffs are entitled to post-judgment interest from the date the original Final Order and Judgment was issued. The Plaintiffs are also entitled to an award of reasonable attorneys' fees and costs. As such, the Plaintiffs' Unopposed Motion to Amend Judgment to Include Post-Judgment Interest (ECF No. 108) is **GRANTED** and Motion for Entry of Attorneys' Fees and Costs Pursuant to the Fair Labor Standards Act (ECF No. 109) is **GRANTED IN PART AND DENIED IN PART**.

Accordingly, it is **ORDERED** that the Plaintiffs are to be awarded:

1. Post-judgment interest, pursuant to 28 U.S.C. § 1961, at the rate of 2.06%, on any unpaid amounts of the total judgment set forth in the original Final Order of Judgment (ECF No. 100), from the date of judgment, until the foregoing sums are paid in full.

---

[4] *Market yield on U.S. Treasury securities at 1-year constant maturity*, FEDERALRESERVE.GOV, https://www.federalreserve.gov/datadownload/Preview.aspx?pi=400&rel=H15&preview=H15/H15/RIFLGFCY01_N.WF (last visited Sept. 20, 2018).

2. $127,200.00 in reasonable attorneys' fees for the legal work performed by Glen Levy in the prosecution of the Plaintiffs' FLSA claims in this case.

3. $69,600 in reasonable attorneys' fees for the legal work performed by Melinda Arbuckle in the prosecution of the Plaintiffs' FLSA claims in this case.

4. $2,287.50 for the appropriate statutory costs incurred by the Plaintiffs' during this lawsuit.

5. Post-judgment interest, pursuant to 28 U.S.C. § 1961, at the rate of 2.55%, on any unpaid amounts of the total attorneys' fees and costs set forth above, from the date of the Amended Final Judgment, until the foregoing sums are paid in full.

The Court will issue a separate Amended Final Judgment.

SIGNED this 20th day of September, 2018.

ALIA MOSES
United States District Judge